Pace v. Toyota, 06-1610. Back to automobiles. Yes, Your Honor. A hybrid case. Good morning. Good morning. And may it please the Court, this is a case where the jury below found that there was no literal infringement and found eight out of the ten claims not infringed under equivalency law. And we appeal. The problem was that counsel, after the literal case, made what we think is an invitation for an improper compromise. And in response to that, the jury found two claims. They hooked us on equivalence. And, Your Honor, there's no support for that portion of the verdict. It is fundamental, of course, that the doctrine of equivalence, literal infringement, are separate doctrines. You can have some evidence that relates to both. But you have to link it up. You have to put it in a separate framework and present it to the jury as a different issue. You cannot do... What about Exhibit A at A4440 where you've got doctrine of equivalence, boxes, checks? That's pretty clear. Pretty linking. Your Honor, I believe it's totally conclusive. If you go right to that, first of all, it's not evidence. It breaks it down by different provisions, shows each limitation by limitation, a little check in each box. How more linking do you get? Your Honor, here's all it does. It doesn't go back and find any evidence. It's totally conclusive. Here's what it says. First of all, Dr. Nichols, reading this slide, in the little passage, it's only about three or four sentences in the whole testimony, he reads that, first of all, he refers to the accused vehicle, doesn't even say what component he's talking about. Then he starts using this pronoun if in a totally inconsistent way. He says, first of all, it provides the function that is to be provided. So we have to decide what if means. In this case, Your Honor, I think the problem was they didn't present anything clear. But you've got a jury who's been listening to testimony over a lengthy period of time. Don't you think they've figured out what's under consideration and what it is? Your Honor, I think not in this case. And just on that, there is one thing that's important. The evidence that the other side... You're asking us to decide that these jurors didn't know what was being talked about? Your Honor, I think in this case, that's correct. Even when they've got an exhibit sitting in front of them with each limitation and the boxes checked and doctrine of equivalence and the big headline there? It's not even an exhibit, Your Honor. It's a demo slide, and if you look, all it says is the accused vehicle. That's what the slide says. Yeah, but you've not only got the jury here as Judge Rader reviewed, but you've got the district court judge. That's right. On at least two occasions saying this testimony is sufficient. It calls it extensive at one point, extensive testimony about DOE. So you've not only got the jury, but you've got a... And I guess you had a motion to try to strike this testimony too, and he went through it in some detail and said, uh-uh, it's sufficient for DOE. No, the testimony that's being referred to, Your Honor, was literal infringement testimony. They separated it. Dr. Nichols starts right out, and he's asked, was all the testimony you said before relating to literal? Yes. Then he goes into equivalence, and he has only these three or four sentences, and, Your Honor, it just simply goes through the conclusions. That's the point. He doesn't go back and link up any evidence. He never takes the evidence and comes and says, okay, here's how we proved equivalence, and that's what you have to do. What you can't do is what Pace did here. What Pace did here is they presented the case for literal infringement, and then their counsel says, in closing, we believe, ladies and gentlemen, it's absolutely positively in there, literally, but we have the doctrine of equivalence there in case you disagree with us or in case the appellate court disagrees. It's like you can't have it as a backup compromise. If you do that, you are totally undermining the notice of claims. Well, you're not complaining, are you, of the statement itself? Your point has to be, it must be, that that statement isn't really relevant. What's relevant is whether or not there was enough expert testimony in the record to back it up. No, Your Honor, we're complaining about that statement. They can say to the jury, ladies and gentlemen, it's literal infringement. We proved literal infringement, but if you disagree with us, don't worry. You can just back it up. Find equivalence. It's at least equivalence, and that's all they did. That's all they did. They then said, if you side with case, if you find it either literally or by equivalence, just write this down on the verdict form, and that's not sufficient under this court's precedence to make out a case for doctrine of equivalence. Even if you had literal evidence, even if you had the evidence somewhere in the literal case where they talked about function and so on, you have to link it up. You have to put it in the framework, and you have to show how that particularized evidence proves each prong of the equivalence analysis. And, Your Honor, the chart and the three or four sentences isn't written. But the left side of the figure says controllable transfer unit, function, way, result, check, check, check. It's just a conclusion, Your Honor. If you look at the testimony, District Court didn't think so. He was there, too. We weren't there. We respectfully think he erred on this point, Your Honor. What he did was he went back and said you can find it somewhere. There's an extensive record. And this court's precedence in the Nestia, Lear, Siegler, Malta kind of cases, in Texas Instruments, the most recent long discussion of this, they pointed out even if the particularized evidence is there, you have to link it up. In fact, it was said in that case the evidence might have been, one of the experts in TI, his evidence might have been sufficient. McAllister, one of them. But the court said you have to link it up because they didn't link it up and provide a separate framework for the jury. And linking it up is not just this three sentences, Your Honor. In other words, something performs the same function by doing this, that, and the other and it performs in the same way and the way is such and such. That's the detail you're talking about? Yes, Your Honor. But you also have to bear in mind in this case the jury found no literal infringement. So they have to say, okay, now here there's no literal infringement. Here's the difference. Here's the function of each. Here's why. And you've got to refer back to the proof. You can't just have these sentences where they said it provides the function to be provided. Whatever that is. Then they say, it controls. It provides controllable and variable amounts of torque. Then he says, it controls the set of gears. That's clearly something different when they say it there. That is totally conclusive. It doesn't go back and link up any evidence. And that's why this case is totally insufficient on equivalence we submit. Again, we would urge the court to look at the Texas Instruments case, the Malta case. If you look at and you compare the kind of evidence that was in the Malta case where you had a complete detailed description of the accused, it was a bell ringing thing. You had a complete description. It was even in the patent. Dr. Nichols is giving extensive testimony, I think you'd say, on literal infringement, right? Correct. And your point is, well, he doesn't make very extensive reference to the doctrine of equivalence. It's kind of a passing commentary. It's a totally conclusive... But the question I would have is, why couldn't the jury, based on the extensive amount of discussion of literal infringement, be able to perceive an insubstantial variation from that in function, way, and result illustrated by the fancy demonstrative exhibit? Why isn't that enough? Why isn't that linking enough? If they've done enough with the literal, the jury can figure out what's an insubstantial variation from that. Because, Your Honor, this court has set a precedent on this because of the tension between the no dysfunction of claims and the doctrine of equivalence to guard against just this problem of the improper compromise in which it's a second-pronged backup in every case. The court has said that's not enough. You can't say... But the district court heard it. He said this was enough. He did. They heard it. They had plenty to link. And with all due respect, we believe this is where the district court erred and did not follow this court's precedence would say that's not enough. You can't say a jury could have found equivalence evidence somewhere in the record. On equivalence, we have said you can't do that. It's too dangerous to no dysfunction of claims. Therefore, this court has said you must to have sufficient evidence for equivalence put it in a framework and walk them through it. And you have to refer back to the evidence and step by step you say this is equivalence. It's a separate issue. It's not blurred together where you say like counsel said if you find either one just write it down. Now... You want to say the rest of your time? Well, Your Honor, I was going to say four minutes and I want to just comment briefly on part of the cross appeal if that's all right. I just wanted to say that to answer a few of the points in their reply brief. Preemption. Well, to avoid any confusion I hope, Your Honor. The point on the literal, their appeal of literal infringement which of course the jury found for us and so did the district court on literal infringement in their main brief we feel they were simply making the mistake of citing the testimony they like and then ignoring the testimony that supports the verdict that we've heard. In the reply brief they came back and said look, we should ignore all that testimony because your guy wasn't following the claim construction and when you walk through it we would submit, Your Honor, that's absolutely not true. The 970 patent controllable torque transfer unit the judge's definition we think too broad but even under this definition a multi-input device that is controlled to transfer variable amounts of torque. Our witnesses said that planetary is not a multi-input device. MG2, the big electric motor is like a drive shaft to the wheels. It's an output. It's not an input. And they say, well, no, wait a minute. Your guy at one point admitted that the torque was added at the ring. It's got to be an input. It's not. It's not an input because our expert explained you've got a planetary with only three things there. You've got a ring, a sun, a planet. You've got three sites. You can't have two inputs and two outputs. That's technical nonsense. And he explained that to the jury and they were right to accept it. I'll reserve this for my time. Thank you, Mr. Padnock. Mr. Cordell. Good morning, Your Honors. May it please the Court. Ruffin Cordell for Appleby Hayes Corporation. I'd like to address the, obviously, the most significant issue in Toyota's appeal, which is the sufficiency of evidence in the Doctrine and Covenants. I'm going to take you someplace else, Mr. Cordell. Why doesn't Gauss control this? Gauss, Your Honor, I believe would stand for Why is the Berman design being criticized as additional complexity, cost, and difficulty? That's what they did. But Gauss really stands for the proposition that there may be a limitation on the Doctrine and Covenants arising out of the specification, what I have come to call a specification disclaimer. Disavowal, whatever. Disavowal,  Why didn't that happen here? Additional complexity, cost, difficulty. That's what they're doing. There are a number of issues with the Gauss, Dawn Equipment, and Symed line of cases. Number one is the standard of review. If we read those cases closely, I am not convinced, as Toyota argues in its brief, that this is a decision as a matter of law. What we're told, and particularly Dawn Equipment, is that these specification statements are facts, are facts that bear on equivalence, and are used by the Court in a long litany and analysis of the balance of facts in determining what is or is not an insubstantial difference. And so, from that perspective, I believe the Court should first view it through the lens as a fact issue, that those facts are actually used. And the Gauss opinion itself, while I will admit is certainly not dispositive as to whether it's a fact issue or a legal issue, the Gauss opinion itself concludes with a statement that says that, in fact, there was not sufficient evidence to support the verdict. It uses the vernacular of a fact issue. So I would make that point number one. Point number two is that if we turn… So you're saying that the Gauss issue is subsumed back into the sufficiency of evidence issue? Correct. Correct. But taking it as a legal issue, taking it as something that the Court should do de novo on review, the Berman statements are, at their core, ambiguous. There are two statements in the patent that deal with Berman. One positive about Berman, one negative about Berman. And so, right away, we don't have any clarity as to whether or not a disclaimer actually occurred. And that's a very, very important point. In this case, in this Court's precedent, on other disclaimers, say, for liberal claims scope, we have the absolute requirement that the disclaimer be clear and unmistakable. And that serves two purposes. Number one, it tells us  occurred or not, which is important for the public notice function of patents. And that door swings both ways. Patentees shouldn't be surprised by the existence of a disclaimer. They should know they're making it. And number two, the scope of the disclaimer has to be clear. And that's an absolute requirement of this Court's precedent with respect to disclaimers. And it should be here as well. And while... Mr. Cordell, I'd like to ask you about what you call a compulsory license. If a court has the authority to grant a permanent injunction and to exclude, why doesn't it have the authority to do less than that, to permit continued operations and to continue operations under the patent, but to impose a reasonable cost, a reasonable royalty? Because the law simply didn't authorize the district court to do so. But the law authorizes a total injunction. Correct. And it's equitable. Correct. And so, why does the act, the law, have to expressly authorize something in between? Are they just permissible extremes but nothing in between? Well, I think that that's best viewed with the rubric of what it is the district court, and really our justiciability issue here is all about, which is, what is it that the district court is empowered to do to the defendant, not to the plaintiff? Because what we have here in this case, and Judge Folsom did a marvelous job with the tools he was given by the Supreme Court, but the reality is that he had to make soup out of what was served to him. Let's look at this for a second. If he says, they may continue to infringe, but I'm going to impose a royalty, right? Isn't that what happened? Yes. Okay. Did he retain jurisdiction of the case to make sure the royalty is paid? In that case, no final judgment, you're not here. You're going back, dismissal right now, right? No final judgment, because he still got jurisdiction. That's right. This is not over. Okay. That's not what he did. Let's assume he just said, I'm giving damages based on this royalty for everything in the past, then you're going to have to sue every six months in the future, right, to get recovery? Perhaps. Which did he do, by the way? I'm sorry? Which did he do, by the way? Did he give you just past the date? He gave you just before the date. He gave you just after the  He gave you just before the date, and he gave you just after the date. But he didn't give you  And I think the way to resolve it is to recognize that he did it in a refinal judgment. But vacate the portion of the judgment as being outside the law. He simply isn't authorized to do that. We will have issues under the current regime. So we could treat that you're saying as a final judgment, but then you realize you're going to have to sue them for all future enforcement of this hypothetical future royalty, which he couldn't impose because he doesn't have jurisdiction to impose it into the future. Perhaps, but there may have to resort to additional litigation. Parties are presumed to obey court judgment. It's usually a very good idea. I'm a little unclear. Is the view then that the court just cannot impose a compulsory license because there would never be a final judgment there? You wouldn't be able to challenge the compulsory license until it expired. Where does this take you? As I stand and think about it, we could posit that an injunction had been entered and the court may retain jurisdiction over its injunction. I think the court says the court maintains jurisdiction to enforce this portion of the final judgment. Is that kosher or not? Again, I hadn't really considered it until Judge Rader brought it up. You can't say this is a partially final judgment, can you? You either have a final judgment on everything or, as this court has said in its case law, you've got to go back and start over. Well, perhaps we could view it this way. If this court does nothing and allows it to stand, I believe that Pace, my client, would be a stop from relitigating the terms of that license because it was made part of a final judgment. The difficulty is it's attempting to predict the future and so the circumstances change as the law. Precisely. That's why we have final judgment rules. Exactly. And I think that's why the rules of justiciability is that courts look to past events. We look to facts that are set. But he says in his judgment I'm going to retain jurisdiction over things going forward. That's not a compulsory injunction? When he orders an injunction and he retains jurisdiction to enforce the injunction, does that obviate the finality? And in that case clearly no. At least jurisprudence has held that that's entirely appropriate and in fact is expected. And so in this sense I suppose sitting in Judge Folsom's chair he may view this as imposition of his equitable powers over time but in a very legal remedy in that he's opposed to compulsory license. Let me ask you, I didn't see you make, it seems to me, let's assume for the sake of argument that we even reach this issue because we have to affirm. You make the argument that it's not within his power and it's monetary relief. Assuming we get by all of that do you think there's still a problem with no analysis under which we can review and whether or not he abused his discretion. In other words, from what I could find in the record, and please tell me if I'm missing something, the only reference to $25 is really one phrase and I'm imposing $25. No discussion of why he chose that amount or felt that that was the appropriate amount is assuming, again, except my argument that we've rejected all that you say about why he didn't have the authority to do this. Would you still make an argument that there's something deficient about this particular order? I would on two grounds. Number one, he was making a fact-finding and I believe that it would be appropriate in that instance for the court to set forth the basis for that conclusion. But number two, I would say     court's interest to be a case of a case of a jury trial issue. What the jury in this case was told quite explicitly is that you may not award damages for   a case of a jury trial issue unless you have a jury trial issue that is a case of a jury trial issue that is a case of a            jury trial           trial case. And so it's a case that needs to be a jury trial issue the case but it's a  that needs    jury    case but it's a case that needs to be a jury trial issue the case but it's a           case but it's a case that needs to be a jury trial issue the case but it's a case